IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN E. MILLER,                          :
                                         :
     Plaintiff,                        :
                                         :
  v.                                     : Civil Action No. 08-271-JJF
                                         :
COMMISSIONER STANLEY TAYLOR,             :
et al.,                                  :
                                         :
     Defendants.                       :

## MEMORANDUM ORDER

Pending before the Court is Plaintiff John E. Miller's Letter to the Court (D.I. 52) that was interpreted by the Court as a Motion For Injunctive Relief (D.I. 54).  Defendants have responded and dispute all of Plaintiff's claims.  (D.I. 62.)  For the reasons discussed, the Court will deny Plaintiff's Motion For Injunctive Relief.

Plaintiff initiated this case on May 6, 2008, and has alleged several incidents of assault by Defendants.  (D.I. 2; D.I. 33.)  Defendants have consistently denied the allegations.  (D.I. 28, D.I. 37.)  On October 21, 2009, Plaintiff filed a letter in which he stated that his life was "in peril" and he had been intentionally placed in a confined area by a correctional officer with a violent prisoner who attacked Plaintiff, and that this action was taken by the officer in retaliation for Plaintiff filing this civil action.  (D.I. 52.)  Due to the seriousness of Plaintiff's allegations, the Court ordered Defendants and

specifically Warden Perry Phelps, of the James T. Vaughn Correctional Center, a non-party, to respond to Plaintiff's contentions. (D.I. 54.)

On October 30, 2009, Defendants responded to Plaintiff's allegations in Plaintiff's letter. (D.I. 62.) Defendants contend that Plaintiff's allegations are without merit because Plaintiff was the aggressor in the incidents of assault alleged by Plaintiff or did not report the incidents, thus making it impossible to investigate. (Id.) Additionally, Defendants argue that there could not be any retaliation by department personnel because none of the officials/employees of the department accused of retaliation were aware of this case before they were questioned regarding the instant motion. (Id.)

The standard for the issuance of a preliminary injunction is well established.

> A preliminary injunction is an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.

Nutrasweet Co. v. Vit-Mar Enters., 176 F.3d 151, 153 (3d Cir. 1999)(internal citation omitted); see also Nicholas v. Carter, 09-134-SLR, 2009 U.S. Dist. LEXIS 85376 (D. Del. Sept. 17, 2009).

After reviewing Plaintiff's allegations and Defendants' response, including the numerous affidavits, the Court concludes that Plaintiff has failed to show a likelihood that he would

succeed on the merits. Thus, Plaintiff's Motion For Injunctive Relief will be denied. In the Court's view, the affidavits of numerous prison officials and employees eliminate a likelihood of success on the merits for Plaintiff. These affidavits provide a consistent recitation of the events among a number of department personnel. The affidavits convince the Court that Plaintiff's life is not in peril at this time. Plaintiff may respond to Defendants' Responses (D.I. 62) and the Court will determine if any further action by the Court is warranted.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Injunctive Relief is DENIED.

November 3, 2009
DATE

UNITED STATES DISTRICT JUDGE