IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
JOHN E. MILLER,                 :
                                :
        Plaintiff,              :
                                :
    v.                          : Civ. Action No. 08-271-JJF
                                :
COMMISSIONER STANLEY TAYLOR,    :
et al.,                         :
                                :
        Defendants.             :
```

### MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion To Intervene, Motions To Amend, and Motion For Reconsideration. (D.I. 45, 51, 53, 66.)

### I. BACKGROUND

Plaintiff John E. Miller ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears pro se and has been given leave to proceed without prepayment of fees.

### II. PENDING MOTIONS

**A. Motion To Intervene**

Plaintiff moves this Court to intervene to obtain discovery material. (D.I. 45.) The Court construes the filing as a Motion To Compel. Plaintiff served identical discovery requests upon

the State Defendants on January 30, 2009 and March 17, 2009.[1] (D.I. 35, 42.) State Defendants oppose the Motion on the grounds that they have responded to Plaintiff's discovery requests and objected to the requested materials. (D.I. 47.) For the reasons that follow, the Court will deny the Motion and give Plaintiff leave to propound additional discovery.

Pursuant to Fed. R. Civ. P. 26(b)((b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff seeks copies of his medical file, mental health file, and personal inmate file. State Defendants object on the grounds that Plaintiff's medical information may be obtained from the health services administrator and Delaware law precludes

---

[1]To date the State Defendants who have been served include Carl Danburg ("Danburg"), Thomas Carroll ("Carroll"), Cpl. Dutton ("Dutton"), Lt. Satterfield ("Satterfield"), and Richard Kearney ("Kearney").

2

disclosure of the remainder of the request. See 11 Del. C. § 4322; 29 Del. C. § 10002(g).[2] (D.I. 47, ex. A.)

The objection is sustained. Plaintiff was informed by State Defendants that he has access to his complete medical records at the institution where he is currently incarcerated and can receive a copy of all such records from the medical services provider. Plaintiff shall promptly advise the Court if, after requesting his medical and mental health records, they are not provided to him.

Plaintiff seeks copies of any internal affairs reports, grievance reports, and incident reports. State Defendants object on the grounds that the request is overly broad, unduly burdensome, vague, and not reasonably calculated to the discovery of admissible evidence; inmates are not entitled to internal affairs and incident reports; and Plaintiff may obtain copies of grievances by writing to the inmate grievance chair with specific dates of grievances.[3] (D.I. 47, ex. A.)

---

[2] State Defendants now respond that the requested medical and mental health documents are in the possession of entities or individuals who are not named defendants. They further respond that, because the named State Defendants are sued in their individual capacities, the documents are not in their possession. Their individual capacity claim with regard to discovery position is not well-taken and borders on discovery obstruction.

[3] State Defendants now respond that Delaware statutes prohibit the disclosure of most of the documents to Plaintiff. See 11 Del. C. § 4322; 29 Del. C. § 10002(g). Additionally, they

3

The objection is sustained. The Court agrees that the request is overly broad as it is not limited in time. Additionally, Plaintiff was informed by State Defendants that he has access to grievances he submitted so long as he follows the correct procedure. With regard to internal affairs and incident reports, Plaintiff shall advise State Defendants of the dates for the reports in question. State Defendants shall provide the reports to the Court, under seal, for an *in camera* inspection.

Finally, Plaintiff seeks the last known addresses of retired Delaware Department of Correction ("DOC") employees Defendants Stanley Taylor ("Taylor"), Elizabeth Burris ("Burris"), Joseph Richardson ("Richardson"), and Major Holman ("Holman"). State Defendants object on the grounds that it is Plaintiff's responsibility to timely serve the defendants, Plaintiff was denied this information via the Court's November 3, 2008 Order, and Delaware law prohibits disclosure.[4] (D.I. 47, ex. A.) The objection is sustained.

---

contend that Plaintiff may obtain grievances by writing the inmate grievance chair so long as he is specific. Finally, they contend that anything outside the two-year limitation period is not discoverable. The statute of limitation position is spurious and borders on discovery obstruction.

[4]State Defendants also respond that it is not their responsibility to provide this information to Plaintiff and, to do so, would violate Delaware statutes and regulations. See 29 Del. C. § 10002(g); Merit Rule 16.1.

4

### B. Motion To Amend

Plaintiff filed two Motions To Amend to add retaliation claims. (D.I. 51, 53.) Defendants did not object to the Motions.

Plaintiff's first Motion To Amend seeks to add claims against Lt. Simon, C/O Christine Coneig, Blake Warnick and Four Doe Defendants. (D.I. 51.) The second Motion To Amend seek to add claims against Sgt. Thomas Boyce. (D.I. 53.)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).

Plaintiff has alleged, what appear at this time, to be cognizable claims, particularly with regard to the claims of retaliation for filing this lawsuit. Therefore, the Court will grant the Motions.

### C. Motion For Reconsideration

On November 3, 2009, the Court denied Plaintiff's Motion For Injunctive Relief. (D.I. 64.) Plaintiff recently filed a letter which the Court construes as a Motion For Reconsideration of the Court's November 3, 2009 Order. (D.I. 66.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id.

Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the Court's November 3, 2009 Order. Therefore, the Court will deny the Motion For Reconsideration.

### D. Service Issue

The Complaint was filed on May 6, 2008, and to date, Plaintiff has not served Defendants Taylor, Burris, Richardson, or Holman. Additionally, while Plaintiff identified three John Doe Defendants, he has not identified the remaining Five John Doe Defendants. (See D.I. 23.)

Therefore, the Court will order Plaintiff to show cause why Defendants Taylor, Burris, Richardson, and Holman should not be dismissed for failure to serve process within 120 days of filing the Complaint, pursuant to Fed. R. Civ. P. 4(m). Plaintiff will

also be ordered to show cause why the Five John Doe Defendants should not be dismissed for Plaintiff's failure to identify them.

### III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion To Intervene construed as a Motion To Compel is **DENIED**. (D.I. 45.) Plaintiff is given leave to propound additional discovery so as to be completed by **January 15, 2010**. With regard to internal affairs and incident reports, within **twenty (21) days** from the Date of this Order Plaintiff shall advise State Defendants of the dates for the reports in question. Within **twenty (21) days** from Plaintiff's request, State Defendants shall provide the reports to the Court, under seal, for an in camera inspection.

2. Plaintiff's Motions To Amend are **GRANTED**. (D.I. 51, 53.)

3. Plaintiff's Motion For Reconsideration is **DENIED**. (D.I. 66.)

4. On or before **December 22, 2009**, Plaintiff shall show cause why Defendants Stanley Taylor, Elizabeth Burris, Joseph Richardson, and Major Holman should not be dismissed for failure to serve process within 120 days of filing the Complaint, pursuant to Fed. R. Civ. P. 4(m). Within the same time period,

Plaintiff shall also show cause why the Five John Doe Defendants should not be dismissed for failure to identify them.

IT IS FURTHER ORDERED that:

1. The Amended Complaint (D.I. 51) lists Four John Doe Defendants. When Plaintiff learns the identities of the John Doe Defendants, he shall immediately move the Court for an order directing amendment of the caption and service of the Complaint on them.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), Plaintiff shall complete and return to the Clerk of Court signed, **original** "U.S. Marshal-285" forms for **newly added Defendants Lt. Simon, C/O Christie Coneig, Blake Warnick, and Sgt. Boyce** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff shall also provide the Court with copies of the Amended Complaints (D.I. 51, 53) for service upon the newly added Defendants and the Attorney General. Plaintiff is notified that the United States Marshals Service ("USMS") will not serve the Complaint until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" forms for the newly added Defendants and the Attorney General within 120 days from the date of this Order may result in the Complaint being dismissed or**

**Defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

    3.   Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith serve copies of the Amended Complaints, this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

    4.   Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the USMS shall personally serve said Defendant(s) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

    5.   Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the Complaint within **sixty (60) days** from the date upon which the Complaint, this Order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a

memorandum of points and authorities and any supporting affidavits.

\_\_11/30/09\_\_   _____
   DATE            UNITED STATES DISTRICT JUDGE