IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN E. MILLER,                          :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  : Civil Action No. 08-271-JJF
                                         :
COMMISSIONER STANLEY TAYLOR,             :
et al.,                                  :
                                         :
          Defendants.                    :

## MEMORANDUM ORDER

Pending before the Court is Plaintiff John E. Miller's
Letter to the Court (D.I. 91) that was interpreted by the Court
as a Motion For Injunctive Relief. (D.I. 92.) Defendants have
responded and dispute all of Plaintiff's claims. (D.I. 101.)
For the reasons discussed, the Court will deny Plaintiff's Motion
For Injunctive Relief.

Plaintiff initiated this case on May 6, 2008, and has
alleged several incidents of assault by Defendants. (D.I. 2;
D.I. 33.) Defendants have consistently denied the allegations.
(D.I. 28, D.I. 37.) Previously, Plaintiff filed a letter seeking
emergency relief on October 21, 2009, which stated that his life
was "in peril" and he had been intentionally placed in a
dangerous situation by a correctional officer in retaliation for
Plaintiff filing this civil action. (D.I. 52.) The Court
determined that the prior letter did not warrant injunctive
relief. (D.I. 64.)

On January 29, 2010 Plaintiff filed the instant letter/motion, seeking injunctive relief on the grounds that he was assaulted with feces and stated that he is "a marked man in this prison." (D.I. 91 at 3.) Plaintiff seeks a transfer from the James T. Vaughn Correctional Center to the Sussex Correctional Institution. (Id.)

Defendants and Warden Perry Phelps responded to Plaintiff's allegations and acknowledged that an incident with feces did occur but that it was investigated and resolved with Plaintiff receiving new clothes but insufficient evidence to punish any other prisoner. (D.I. 101.) Thus, Defendants ask the Court to deny Plaintiff's Motion.

The standard for the issuance of a preliminary injunction is well established.

> A preliminary injunction is an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.

Nutrasweet Co. v. Vit-Mar Enters., 176 F.3d 151, 153 (3d Cir. 1999)(internal citation omitted); see also Nicholas v. Carter, 09-134-SLR, 2009 U.S. Dist. LEXIS 85376 (D. Del. Sept. 17, 2009).

After reviewing Plaintiff's allegations and Defendants' response, including the affidavits presented by Defendants', the Court concludes that Plaintiff has failed to show a likelihood that he would succeed on the merits. Thus, Plaintiff's Motion For Injunctive Relief will be denied. In the Court's view, the

affidavits of Warden Phelps and Officer Jordan Bailey eliminate a likelihood of success on the merits for Plaintiff.  These affidavits provide a recitation of events that show that although an incident did occur, it was handled satisfactorily and was not an act of retaliation.  The affidavits convince the Court that Plaintiff is not in danger at this time.  Plaintiff may respond to Defendants' Response (D.I. 101) and the Court will determine if any further action by the Court is warranted.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Injunctive Relief is **DENIED**.

February 24, 2010
     DATE

UNITED STATES DISTRICT JUDGE