IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN E. MILLER, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 08-271-JJF |
| COMMISSIONER STANLEY TAYLOR, et al., | : |
| Defendants. | : |

### MEMORANDUM ORDER

Pending before the Court are Plaintiff's pending Motions. (D.I. 82, 84, 86.)

**I. BACKGROUND**

Plaintiff John E. Miller ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears pro se and has been given leave to proceed without prepayment of fees.

**II. PENDING MOTIONS**

**A. Motion To Correct A Mistake - Docket Item 82**

Plaintiff seeks various forms of relief, most of which Defendants do not oppose, as follows:

1. The Court will grant Plaintiff's unopposed Motion To Amend to add deliberate indifference to his allegations against Defendant Joseph Simon ("Simon") and to allege that he

suffered head, back and rib injuries as a result of his claim against Defendant Thomas Boyce ("Boyce")

    2.  The Court will grant Plaintiff's unopposed Motion To Voluntarily Dismiss all claims against Defendants Carl Danberg, Thomas Carroll, Cpl. Dutton, Lt. Satterfield, Richard Kearney, Christie Coneig, Blake Warnick, Two John Doe(s), Sgt. Hall, and J. Carrothers pursuant to Fed. R. Civ. P. pursuant to Fed. R. Civ. P. 41(a).  The claims that remain include deliberate indifference against Simon and Boyce, and retaliation against Boyce.

    3.  The Court will grant Plaintiff's unopposed Motion To Amend the service order.  Only Defendants Simon and Boyce shall be served as set forth in the Court's November 30, 2009 Order.  (D.I. 67.)  Plaintiff shall take note of the deadlines set forth in the November 30, 2009 Order.

    4.  The Court will deny without prejudice and as moot Plaintiff's request for assistance to obtain his medical records. Defendants advise that the records have been, or will be shortly, provided to Plaintiff.  Plaintiff shall advise the Court if he has not received the records.

    5.  The Court will grant Plaintiff's Motion For Extension Of Time to complete discovery.  All deadlines will be amended as set forth below.

      6. The Court will deny without prejudice Plaintiff's Request For Counsel. Plaintiff requests counsel on the grounds that he may have missed an aspect of his case, he may need medical records of a non-party, and he may need legal advice.

    Although a plaintiff does not have a constitutional or statutory right to an attorney,[1] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).

    Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her

---

[1] See Mallard v. United States District Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in a civil suit).

by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

After reviewing Plaintiff's Motion, the Court concludes that the case is not so factually or legally complex at this juncture that requesting an attorney to represent Plaintiff is warranted. Plaintiff's filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's Request For Counsel.

**B.  Motion For An Extension Of Time - Docket Item 84**

The Court will grant Plaintiff's unopposed Motion For An Extension Of Time to complete discovery. Amended discovery deadlines are set forth below.

**C.  Motion To Depose - Docket Item 86**

The Court will deny without prejudice Plaintiff's Motion To Depose seven incarcerated individuals. Plaintiff advises that he is unable to pay a stenographer, he is incarcerated, and a pauper. Plaintiff sought permission to interview the seven

individuals, but his request was denied. Defendants do not oppose Plaintiff's request so long as any costs associated with the procedure are borne by Plaintiff.

Plaintiff wishes to take the depositions of non-parties. Even were the Court to allow Plaintiff to proceed by means of deposition by written questions, pursuant to Fed. R. Civ. 31, subpoenas must issue, to command the appearance of the non-parties. Fed. R. Civ. P. 45. An inmate proceeding in forma pauperis in a civil action may not, however, issue subpoenas without paying the required fees. See Pedraza v. Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995); Fernandez v. Kash N' Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff). It is Plaintiff's responsibility to pay for the costs associated with the taking of depositions upon written questions. Inasmuch as Plaintiff advises that he is indigent, his Motion will be denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion To Correct A Mistake is **GRANTED** in part and **DENIED** in part as set forth in the body of this Memorandum Order. (D.I. 82.)

2. The Rule 16 Scheduling Order (D.I. 48) is **AMENDED** as follows: **Discovery** shall be commenced so as to be completed by

5

April 28, 2010.  **Case Dispositive Motions** shall be served and filed with an opening brief on or before **May 28, 2010**.  The **Pretrial Conference** set for May 6, 2010 at 11:30 a.m. is **canceled** to be rescheduled for a later date.  All other matters contained in the Rule 16 Scheduling Order remain in effect.

    3.  Plaintiff's Motion For An Extension Of Time To Complete Discovery is **GRANTED**.   (D.I. 84.)

    4.  Plaintiff's Motion To Depose is **DENIED** without prejudice. (D.I. 86.)

_____March 30, 2010_____       _____/s/ Joseph J. Farnan_____
DATE                                                   UNITED STATES DISTRICT JUDGE